**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANITRA GREEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff ANITIRA GREEN, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against Defendant PORTFOLIO RECOVERY ASSOCIATES LLC, and its employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**JURY DEMAND**

5. Plaintiff demands a jury trial on all issues.

**PARTIES**

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Camden County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant PORTFOLIO RECOVERY

ASSOCIATES LLC, ("PRA") is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located in Norfolk, Virginia.

9. PRA is a bad debt buyer that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon. Defendant's principal purpose is the collection of debts in this state, and Defendant attempts to collect debts alleged to be due another.

10. Based upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letter from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action.

> All New Jersey consumers who were sent letters and/or notices from Defendant which included the alleged conduct and practices described herein.

- The Class period is from February 1, 2019 until the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received collection letters from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard collection letter that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff was at all times with respect to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

15. On or before May 9, 2018, Plaintiff allegedly incurred a debt which was originally owed to Capital One Bank (USA) N.A. relating to a consumer credit card account ("the Capital One Obligation").

16. The Capital One Obligation arose out of a transaction in which money, property, insurance or services were the subject of the transaction, and were primarily for personal, family or household purposes.

17. The Capital One Obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At some point in time prior to May 9, 2018, the Capital One Obligation was assigned transferred, sold or assigned to directly or through one or more intermediaries to Defendant PRA.

19. At the time the Capital One Obligation was assigned, transferred, sold or assigned to PRA, the Capital One Obligation was in default.

20. On or about May 9, 2018, Defendant sued Plaintiff in Camden County Superior Court, Law Division, Special Civil Part in a case titled: Portfolio Recovery Associates, LLC v. Green, Case No. Cam-DC-005191-18 ("the State Court Action").

21. The State Court collection Action sought to collect $2,413.64.plus court costs from Plaintiff.

22. After Plaintiff failed to file an Answer or otherwise defend the State Court Action, on August 28, 2018 a default judgment was entered against Plaintiff in the amount of $2,533.91.

23. Subsequently, Plaintiff received a collection letter dated February 1, 2019 ("the Collection Letter") from Defendant.

24. The Collection letter indicated that a judgment had been obtained against Plaintiff on August 28, 2018.

25. The Collection indicated in the "Account Details" section that the balance on the Account was $2,533.91.

26. The Collection Letter included three settlement offers: a single payment option, a six consecutive monthly payment option and a 12 consecutive monthly payment option. Under all three options, the first payment had to be received by March 18, 2019.

27. The Collection Letter failed to indicate what the balance on the Judgment was, and whether this was the same amount as the balance on the Account.

28. The Collection Letter also failed to indicate that the judgment balance was increasing due to post-judgment interest.

29. There was no indication on the Collection Letter that Defendant was waiving any post-judgment interest, either with respect to the three settlement offers.

30. Additionally, the Collection Letter did not indicate that post judgment interest would not accrue in the event that Plaintiff did not accept one of the three settlement options offered in the letter.

31. The Collection Letter also failed to indicate that if by settlement of the account balance, the judgment would also be settled in full.

32. The Collection Letter also failed to inform Plaintiff that if the judgment were also settled, that there would be a an additional filing fee required by the Court for the filing of the warrant of satisfaction in the State Court Action.

33. The Collection Letter also provided with respect to the Settlement Offers:

> Your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted. Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report.

("The Credit Reporting Language")

34. The Credit Reporting Language is deceptive and misleading since it implies that Plaintiff's credit reports will only be updated, but does not indicate that reporting must be made sooner, even if part or substantially all of the debt is paid off before the final payment.

35. The filing and service of the State Court Action Lawsuit is a "communication" as defined by 15 U.S.C. §1692a(2).

36. Defendant regularly sued New Jersey consumers and demanded an amount that was greater than the amount actually due at the time the collection letters were sent.

37. Defendant regularly sent letters seeking to collect debts which were time-barred or otherwise barred by the time-period for filing such suits under the applicable statute of limitations or contract.

38. Defendant regularly sent collection letters on time barred debt while failing to inform the consumer that the statute of limitations had passed and that the debt was not legally enforceable.

39. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

40. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

41. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

42. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

43. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations.

44. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45. Defendant's Collection Letter which provided confusing, incomplete and/or incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

46. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

48. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

49. Plaintiff's suit on a time barred debt, for an amount in excess of what the actual balance was, in an improper venue constitutes a concrete injury.

50. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

51. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

52. The deceptive communications additionally violated the FDCPA since they frustrated Plaintiff's ability to intelligently choose his or her response.

53. On information and belief, Defendant filed sent collection letters, as defined in the Class definitions against at least 30 natural persons in the state of New Jersey

**COUNT ONE**

**(Fair Debt Collection Practices Act Violation)**

54. Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55. Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

56. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

57. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

58. Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of a debt.

59. Defendant violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

60. Defendant violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

61. Defendant violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed

62. Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

63. Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 2, 2020

Respectfully submitted,

By: s/ Lawrence C. Hersh

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 2, 2020

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.

EXHIBIT A




Dear ANITRA GREEN,

Portfolio Recovery Associates, LLC obtained a judgment against you on 08/28/2018.

This obligation has a balance of $2,533.91; however, this judgment does not mean that we are not interested in working with you to resolve this account.

We remain just as committed to helping you avoid further collection efforts. Take advantage of one of the offers below, or call us to discuss an alternative for resolving this judgment.

Listed below are three repayment plan options. You can save up to $758.91 off of the balance by resolving your obligation no later than 03/18/2019.

Please contact us. We can work together to develop a resolution plan that works for you.

Sincerely,
PORTFOLIO RECOVERY ASSOCIATES, LLC

**Account Details**

**Date:** 02/01/2019
**Account Number:** [redacted]1478
**Seller:** CAPITAL ONE BANK (USA) N.A.
**Original Creditor:** CAPITAL ONE BANK (USA) N.A.
**Creditor to Whom Debt is Owed:** PORTFOLIO RECOVERY ASSOCIATES, LLC
**Balance:** $2,533.91

**Contact Us**



**Please contact us at**
**1-866-428-8102**
Business Hours:
Mon. to Fri. 8am - 10pm
Sat. 8am - 5pm
Sun. 1pm - 7pm (EST)

**Account Offers**




**Single Payment**
Pay $1,775.00 no later than 03/18/2019.
Save $758.91 off of your judgment amount.

6 Month*

**Payment Plan**
Pay $320.00 for 6 consecutive months.
Save $613.91 off of your judgment amount. First payment must be received by 03/18/2019.




**Payment Plan**
Pay $170.00 for 12 consecutive months.
Save $493.91 off of your judgment amount. First payment must be received by 03/18/2019.

***Your first payment must be received NO LATER than: 03/18/2019. *We are not obligated to renew this offer. Your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted. Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report.***

***This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.***

**Notice:** See Reverse Side for Important Information

LLJS

DEPT 922
PO BOX 4115
CONCORD CA 94524

Account Number: [redacted]1478

Payment Amount: ____________

CHANGE SERVICE REQUESTED

ANITRA GREEN [redacted]

Mail to:

*PORTFOLIO RECOVERY ASSOCIATES, LLC*
*P.O. Box 12903*
*Norfolk VA 23541*